**Guy M. JUNTUNEN, Plaintiff,**

v.

**SEA–CON SERVICES, INC., AFIA Worldwide Insurance Company, and/or Aetna Insurance Company, Defendants–Appellants,**

**Granite State Insurance Company, Defendant–Appellee.**

No. 88–4735.

United States Court of Appeals, Fifth Circuit.

Aug. 7, 1989.
Rehearing Denied Sept. 13, 1989.

F. Douglas Gatz, Jr., Ralph E. Kraft, Preis, Kraft, Laborde & Daigle, Lafayette, La., for defendants-appellants.

Michael J. Juneau, Juneau, Hill, Judice, Hill & Adley, Lafayette, La., for defendant-appellee.

Before GEE, GARZA and JONES, Circuit Judges.

GEE, Circuit Judge:

### Background

Granite State Insurance Company's motion for partial summary judgment was granted by Judge Shaw. The motion sought to prevent AFIA Worldwide Ins. Co. from reducing the limits of its liability by the amount of attorney fees and other costs expended in defense of the plaintiff's suit.

### Facts

The plaintiff, Guy M. Juntunen, sued for damages from an automobile accident which occurred in 1982. He sued both his employer, Sea–Con Services, and their insurers. Sea–Con had insurance coverage in the following amounts:

| | |
|---|---|
| Western Preferred Casualty Co. | $ 50,000 |
| AFIA Worldwide Ins. | $ 450,000 |
| Granite State Ins. Co. | $ 500,000 |
| St. Paul Property & Liability | $4,000,000 |

AFIA Worldwide contended that its limits of liability should be reduced by the amounts spent for attorney's fees and other defense costs. Granite State filed a motion for partial summary judgment, disputing AFIA's contention; and the trial court granted the motion on August 9, 1989.

A joint motion for dismissal was filed by all parties on November 14, 1988. The order dismissing the plaintiff's claims was entered on September 7, 1989, since Sea–Con and AFIA had settled with the plaintiff. There was, however, a specific agreement to reserve rights between Sea–Con

and AFIA with regard to the court's ruling which granted Granite's motion for partial summary judgment.

## Analysis

### A. Jurisdiction

■ Granite State Insurance Company, the appellee, contends that the court lacks jurisdiction to review the issue appealed by AFIA. Granite states:

Once the plaintiff's claims were dismissed by agreement of the parties, a justiciable case or controversy ceased to exist. The only claims filed have been fully compromised; thus, no pending issue is left for this court to decide. AFIA may desire this court to render an advisory opinion interpreting its policy, but such an opinion would have no bearing on the claims asserted in this case.

*Appellee's Brief,* at 9.

Granite fails to acknowledge, however, that while the defendant insurance companies did indeed settle with the plaintiff, they specifically reserved all rights between them regarding the court's ruling of August 9. As appellant/AFIA's reply brief shows, they reserved the right to appeal the court's ruling which disallowed deducting attorney's fees from the liability limits.

The appellants, apparently shocked by Granite State's refusal to acknowledge the existence of the agreement preserving the issue, cite the following relevant portion of the settlement agreement:

The parties hereto desire the plaintiff's claims adverse to all defendants be dismissed with full prejudice at defendant's cost, *with a specific and complete reservation of all rights by and between Sea–Con Services, Inc., AFIA Worldwide Insurance Company and/or Aetna Insurance Company, and Granite State Insurance Company with regard to the ruling of this Court issued on August 9, 1988....*

*Appellant's Reply Brief,* at 3 (emphasis added).

In addition, the judgment of dismissal entered on November 15, 1988 stated:

It is hereby ordered that all claims asserted by plaintiff adverse to all named defendants be dismissed with full prejudice at defendants' costs with a specific and complete reservation of all rights by and between Sea–Con Services, Inc., AFIA Worldwide Insurance Company and/or Aetna Insurance Company and Granite State Insurance Company with regard to the ruling of this Court issued on August 11, 1988....

*Id.,* at 3.

There can be little doubt that Granite State was aware of this provision in the settlement agreement which preserved the issue between them. Granite State submitted its appellee's brief on January 13, 1989, almost two months after Judge Shaw's dismissal order. Granite States' brief, however, repeatedly represents to us that no issue remains for the court to decide, since all "claims" have been settled. Granite State never mentions the existence of the provision preserving the issue and argues strenuously against the court's taking jurisdiction of the case. Nonplussed as we are by this circumstance, we harbor no doubts that we have jurisdiction.

### B. Motion for Summary Judgment

The district court judge ruled that AFIA was not entitled to reduce the limits of liability stated in the policy by attorney fees and other costs of defense. The judge explains his reasoning tersely:

After reading both policies together, this court finds that the language of the AFIA policy is merely intended to adopt the general provisions of the primary policy. Such a reading is necessary to make the two policies consistent. It is inconceivable to this court that the insured could have intended or contemplated this additional exposure.

*Ruling,* at 2.

■ We are not persuaded. The appellant-AFIA's argument is as follows: since the primary insurer (Western) excludes attorney fees and defense costs, and since AFIA as the excess insurer incorporates Western's exclusions by reference, AFIA should also be able to reduce the limits of

its liability by the amount of such expenses. This argument is correct if the incorporation by reference is sufficiently clear to allow the court to conclude that the parties intended the incorporation. In this case, it is difficult to argue otherwise. The AFIA excess liability contract is clear and explicit:

> This policy shall follow the terms, conditions, definitions and exclusions of the controlling underlying insurance policy # AE 1040 issued by Western Preferred Casualty Company.

There is nothing ambiguous about such an express incorporation. The insured signed the document and is bound by the incorporated liability exclusions of the primary insurance policy. It is no more inconceivable that the insured would agree to have such fees reduce the excess insurance policy than reduce the primary policy, and no one argues that the primary policy does not exclude the fees.

The only case at all on point cited by either side favors the appellant. In *Insurance Company of North America v. John J. Bordlee Contractors*, 543 F.Supp. 597 (E.D.La.1982), the court held that the words "and as per primary policies" demonstrated that the terms of the primary policy controlled the terms of the excess policy. *Id.* at 602. The court refused to accept the argument, similar to the appellee's contention, that the limits applied only to the primary policy. *Id.* The policy in today's case is at least as clear in incorporating the terms of the primary policy as is that in *Bordlee,* and the ruling of the district court which granted Sea–Con Service's motion for summary judgment is therefore

REVERSED and the cause is REMANDED.